On Ai’plioation for Rehearing.
Bermudez, C. J.
We have given a patient and deliberate attention to the exhaustive brief of plaintiff’s learned counsel in support of the application for a new hearing.
The close and intelligent criticism to which our appreciation of the circumstances of this controversy was subjected, confirms us in an adherence to our finding of the substantial fundamental facts elicited during the trial of the cause, and to our previous decree.
It is sufficient that it was proved that Mrs. Rowe had ample means to acquire the gas stock, which is the object of this litigation; that she *378 administered lier property separately ; that her husband has time and again unequivocally acknowledged it to belong to her j that he has left no creditor or forced heir, charging against those acknowledgments, to debar those who claim gratuitously' under and through his benevolence.
It is a significant circumstance that Mr. Rowe never, before or after the death of his wife, intimated the slightest claim that the gas stock was not her paraphernal property. He must have known of, and never objected to, the inclusion of it, as such, among the assets of her succession. Even in his will there is nothing to indicate that he contemplated or claimed the right to dispose of this property. In her will, Mrs. Rowe mentions it as belonging to her, and gives her husband the usufruct of it.
Had the marriage been dissolved otherwise than by' death, and the spouses proposed to liquidate the community affairs, the husband could not have been admitted to attack the title of the wife to the stock.
The authorities to which the able counsel once more calls our attention have our unqualified approval, but only in those cases in which the rulings were made, in which predominate. conspicuously either creditors or forced heirs, assailing investments made to their alleged injury' in the name of the wife.
We have been shown, and we know of no authority permitting the husband — after a dissolution of the community, aud upon a settlement of it, in the absence of any clamor on the part of injured parties— to go behind his acknowledgments of ownership or title, honestly made in favor of his wife, and to raise any claim to the whole or to part of the same.
In 30 A. 1036, our immediate predecessors, in an analogous controversy, said:
“ This whole proceeding is bad in law, and equally bad in morals. If the wife is not really the owner of this property, the husband has done all that he could to establish and confirm the ownership in her and to mislead the public as to the real ownership. If her title is apparent, not real; if it rests upon a basis of false pretenses and assumptions, the husband’s hand must not be the first that is raised to strike down the fabric of which he was the chief architect.”
This ruling was subsequently affirmed in 31 A. 124, by the same Court. In 33 A. 688, the same doctrine was announced and it is now reiterated. It rests upon solid foundation. 16 A. 271; 23 A. 83; 21 A. 344; 28 A. 314 ; 10 A. 739; 33 A. 612.
We have made in our previous opinion extracts from the two first cases, bearing also directly upon the point under consideration.
*379 After a careful review of the facts and of the law, as well as of the reasons assigned in support of our anterior decree, we cannot perceive how we could be justified in admitting error in our finding, which is correct and does justice.
Before concluding, we will take occasion to say that we have felt much perplexed as to our right to review the judgment complained of; but we did not hesitate to do so, considering that the conclusion which we had again reached, favorably to the defendant, could impair no vested right.
The opinion pronounced in this case was rendered on the 19th of December past. On the sixth judicial day following its rendition, viz : on the 31st of the same month, the plaintiff and appellee, dissatisfied with the judgment, presented through her counsel a petition for a rehearing, the sole allegation whereof is, “ that there is error in the opinion and judgment rendered herein, as she will show by her printed statement of points and authorities to be filed, and that she is aggrieved by said judgment.” On the same day, on motion, ten days were allowed the petitioner to prepare and file a brief in support of the petition for a rehearing. On the 7th of January following, a brief was filed.
The question which presents itself to our minds was, simply, whether we had a right to revise that judgment.
-v • The solution of that question depended upon whether there had been •presented to that end such a petition as is required by law, in order to suspend: the course of the delay prescribed for the finality of the judgment.
Where the six judicial days fixed by Article 911 of the Code of Practice, as the time within which a petition for a rehearing should be filed, elapse before the filing of such a petition as is required by law, the irresistible consequence is, that the judgment becomes final and is not reviewable.
Article 912 of the Code of Practice provides, that “ in the interval between the day on which the judgment is rendered and that on which it becomes final, a party dissatisfied with the judgment may apply to the Court for a new hearing in the cause, and for this purpose shall present a petition in which he shall state substantially the reasons for which he thinks that the judgment is erroneous, and shall cite the authorities in support of his opinion.”
Rule IX., par. 1, of this Court, reads, that “ applications for rehearing must be made by petition filed within the legal delay, and must be accompanied by a printed statement of all the points and authorities on which the party founds his application. Additional time for elabo *380 rating tlie argument on such points and authorities may he granted upon a proper showing, if made before the dolay expires.”
It is apparent that both the Article of the Code and the rule of Court require that the petition shall contain substantially the reasons, points and authorities upon which the petitioner relies to obtain a new hearing, and that the petition so drawn up shall be filed within the six judicial days.
The petition presented in this case was filed on the sixth judicial day, but it states no reason, no point, no authority, in justification of the complaint and charge of error which it embodies. Far from it, it charges error in the judgment, as 'will be shown by a printed statement to be filed.
The order allowing ten days to prepare and file a brief in support'of the petition, was rendered on a motion which was not intended and did not purport to inject into the petition, the lacking allegation, reason, point or authorities. It was an authority for an extension of .time to elaborate an argument on the points which the petition was supposed to contain, but, in reality, did not in the least embody.
To countenance petitions not presented in compliance with mandatory requirements of the law, would be to inaugurate a loose practice. To .consider briefs, into which are incorporated grounds,.when no ground has been embodied in the petition, would be to sanction an enlargement by argument, of a groundless petition, by allowing an amendment to vivify that which would otherwise be lifeless, after the. sixth judicial day. . Such a course can, under no circumstance, be permitted.
The appellee, by not presenting within, the six judicial days such a petition, setting forth the reasons or points in support of her complaint, and charge of error, as is demanded by law and by the rule of this Court, might have been considered as having suffered the delay to expire uninterrupted, and the judgment to acquire the same finality which it would have acquired, had the document termed a petition for a rehearing never made its appearance.
' The Article of the Code of Practice, and the rule of Court on the subject, will be hereafter enforced.
The prayer .for a rehearing is refused.
Mr. Justice Pochó takes no part, not having participated in the original decision.